IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OK KYONG HEDRICK<br>3701 Blackwater Road<br>Clinton, Maryland 20735 | *<br><br>* |
| and | * |
| JOHN HEDRICK<br>3701 Blackwater Road<br>Clinton, Maryland 20735 | *<br><br>* |
| Plaintiffs | * |
| v. | * |
| UNITED STATES OF AMERICA | * |
| Serve on:<br>Unites States Attorney for<br>the District of Columbia<br>Court House<br>555 4th Street, N.W.<br>Washington, D.C. 20430 | *<br><br>*   Civil Action No.:<br>*<br><br>* |
| and | *<br>* |
| United States Department of Justice<br>Alberto R. Gonzales, Attorney General<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530-0001 | *<br><br>* |
| and | * |
| Walter Reed Army Medical Center<br>Attn: Jag (Medical Malpractice)<br>Scott O. Murdoch, Chief of Claims<br>6900 Georgia Avenue, N.W.<br>Washington, D.C. 20307-5001 | *<br><br>*<br><br>* |
| Defendants. | * |

\* \* \* \* \*

## COMPLAINT

Plaintiffs, Ok Kyong Hedrick and John Hedrick, by Stuart M. Salsbury, and Salsbury,

Clements, Bekman, Marder & Adkins, L.L.C., hereby sue the Defendant, the United States of

America, and state as follows:

## COUNT I - NEGLIGENCE

1. That the amount of this claim exceeds Seventy Five Thousand Dollars ($75,000.00).

2. That Jurisdiction and venue for this claim are proper in the United States District Court for the District of Columbia. *See* 28 U.S.C. § 1346(b).

3. That these claims arise out of the conduct Dr. Ross Moquin, M.D. ("Dr. Moquin") and other agents, servants and employees of the Walter Reed Army Medical Center, located at 6900 Georgia Avenue, N.W., Washington, D.C. 20307-5001.

4. That at all relevant times, Dr. Moquin was an agent, servant or employee of the Walter Reed Army Medical Center..

5. That the Walter Reed Army Medical Center is a government/military hospital. Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, an action against the United States is the exclusive remedy for any action for personal injury arising out of the negligent or wrongful act of any employee of the United States Army.

6. Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, the Plaintiffs submitted a timely claim related to this incident to the United States Army Claims Services for administrative review on June 24, 2004. A copy of this claim is attached hereto as Exhibit 1.

7. It has been six months since this claim was submitted to the United States Army Claims Service for administrative review on June 24, 2004, and there has been no final disposition of the claim. Pursuant to 28 U.S.C. § 2675, this delay to reach a final disposition

within six months is treated the same as though the claim had been denied and, therefore, the Plaintiffs may file suit against the United States of America.

8. That on June 2, 2000, Plaintiff, Ok Kyong Hedrick, was admitted to the Walter Reed Army Medical Center and diagnosed with an L1-2 kyphosis.

9. That Mrs. Hedrick underwent a T12-L2 corpectomy with T9-L4 fusion which involved placement of a cage at L3-4 and L4-5. These procedures were performed by Dr. Moquin.

10. That Mrs. Hedrick's back pain worsened after the surgery. Her condition required her to wear a back brace full-time and prevented her from standing up straight. She had weakness of her left hip flexor with decreased sensation along the L1 distribution.

11. That Dr. Moquin recommended another surgery in 2002. At this time, Mrs. Hedrick went to Johns Hopkins Hospital to obtain a second opinion. The doctor at Johns Hopkins disagreed with the appropriateness of the type of second surgery recommended by Dr. Moquin at Walter Reed Army Medical Center and questioned the appropriateness of the type of surgery performed at Walter Reed Army Medical Center in 2000. The doctor at Johns Hopkins recommended a different type of surgery.

12. That because her insurance would not approve the surgery to be performed at Johns Hopkins, Mrs. Hedrick returned to Walter Reed and Dr. Moquin's care.

13. That on July 3, 2002, Dr. Moquin performed a posterior spinal fusion on Mrs. Hedrick at Walter Reed Army Medical Center. The surgery was unsuccessful because it failed to address the problem of nonunion of her fusion. Mrs. Hedrick was fused in a kyphotic position, leaving her with a "hunchback" deformity.

14. That on July 24, 2002, Mrs. Hedrick underwent a revision in which the screws in the thoracic and lumbar regions were loosened and she underwent discectomies and placement of body cages with BMP product. During these surgeries, the rods were bent and contoured.

15. That because the two surgeries performed by Dr. Moquin were not within accepted standards of care, Mrs. Hedrick was forced to undergo two additional very extensive surgeries at Johns Hopkins Hospital on February 17, 2003 and February 24, 2003 to remove the cage, refuse the spine anteriorly and correct the deformity through a kyphectomy.

16. That the United States of America, by and through its agents, servants and employees, breached the standards of care by:

   a. Failing to perform spinal surgery in an appropriate manner within accepted standards of care;

   b. Wrongfully severing Mrs. Hedrick's L1 nerve root;

   c. Failing to diagnose and treat Mrs. Hedrick's post surgical pseudoarthrosis and nonunion in an appropriate and timely manner;

   d. Failing to correct Mrs. Hedrick's pseudoarthrosis and non-union;

   e. Wrongfully flattening Mrs. Hedrick's normal lordotic curvature during various surgeries;

   f. Wrongfully exacerbating and worsening Mrs. Hedrick's "flat back" deformity;

   g. Failing to treat Mrs. Hedrick's condition within appropriate standards of care for spinal surgery;

   h. And was otherwise negligent, careless and reckless.

17. That as a direct result of the carelessness and negligence of the Defendant, Plaintiff, Ok Kyong Hedrick, sustained severe injuries to her head, body and limbs; suffered mental anguish, and sustained other injuries, whereby she was obligated to receive medical treatment for which expenses were and will continue to be incurred, was and in the future will be prevented from engaging in her usual duties, employment pursuits and activities; and was caused to incur and will incur in the future financial losses and damages and will continue to experience said mental anguish, pain and suffering in the future.

18. That all of the losses, damages and injuries sustained by Plaintiff, Ok Kyong Hedrick, were caused by the negligence of the Defendant without any negligence on the part of the Plaintiffs contributing thereto.

WHEREFORE, Plaintiff, Ok Kyong Hedrick, claims damages against the Defendant, the United States of America, in the amount of Three Million Three Hundred Thousand Dollars ($3,300,000.00), with costs to be paid by the Defendant.

### COUNT II - INTERFERENCE IN THE MARITAL RELATIONSHIP & LOSS OF CONSORTIUM

19. That Plaintiff, Ok Kyong Hedrick, and her husband, John Hedrick, adopt and incorporate paragraphs 1-18 of the Complaint as if they were fully set forth at length herein.

20. That at the time of the surgeries performed by Defendant in June 2000 and July 2002, the Plaintiff, John Hedrick, was the husband of Plaintiff, Ok Kyong Hedrick.

21. That as a direct result of the negligence of the Defendant, the Plaintiffs, John Hedrick, and Ok Kyong Hedrick have suffered interference to their marital relationship and loss of consortium. That this loss and interference will continue in the future.

22.     That all of the losses, damages and injuries sustained by Plaintiffs, John Hedrick and Ok Kyong Hedrick, were caused by the negligence of the Defendant without any negligence on the part of the Plaintiffs contributing thereto.

WHEREFORE, the Plaintiff, John Hedrick, as husband to Plaintiff, Ok Kyong Hedrick, claims damages against the Defendant, the United States of America, in the amount of Two Hundred Forty Thousand Dollars ($240,000.00), with all costs to be paid by the Defendant.

_____
STUART M. SALSBURY, Bar No. 463059
SALSBURY, CLEMENTS, BEKMAN
        MARDER & ADKINS, L.L.C.
300 W. Pratt Street
Suite 450
Baltimore, Maryland 21201
410-539-6633

Attorneys for Plaintiffs