IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| O.K. HEDRICK et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action Number: 05-2070 (JR) |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant, United States of America, by and through the United States Attorney for the District of Columbia, and, for its Answer to the Plaintiff's Complaint in the above entitled and numbered cause, herein admits, denies, and alleges as to the enumerated paragraphs of Plaintiff's Complaint as follows:

### COUNT I – NEGLIGENCE

1. Paragraph 1 contains a statement regarding plaintiff's claim to which no response is required.

2. Paragraph 2 contains allegations regarding jurisdiction and venue to which no response is required.

3. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 3 as to the exclusive nature of Plaintiff's treatment by Defendant's personnel, and the alleged employment status and scope as concerning unspecified acts for unknown personnel.

4. Defendant admits the truth of the allegations in paragraph 4.

5. Defendant admits that Walter Reed Army Medical Center (WRAMC) is a government/military hospital. The second sentence of paragraph 5 states a conclusion of law to which no response is required. To the extent a response is required, the Defendant admits that the FTCA is a limited waiver of sovereign immunity that provides the exclusive remedy against the United States for actions for personal injury caused by the negligent conduct of employees of the United States Army who are acting within the scope of their employment.

6. Defendant denies the truth of the allegations in paragraph 6.

7. Defendant admits that it has been six months since Plaintiff submitted a claim for administrative review, but avers said claim was submitted on June 29, 2004. Defendant denies that there has been no final disposition of the claim, and avers that said claim was denied on 5 January 2006. The second sentence in paragraph 7 contains a conclusion of law to which no response is required.

8. Defendant admits that Plaintiff was admitted to WRAMC on 7 June 20000, but denies she was diagnosed at that time with an L1-2 kyphosis.

9. Defendant denies the truth of the allegations in paragraph 9.

10. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 10.

11. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 11. The Defendant denies any inference or implication of negligence.

12. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12.

13. Defendant admits that on 3 July 2002, Dr. Moquin performed a posterior spinal fusion revision to accomplish a T6-L5 posterior spinal fusion on Mrs. Hedrick at WRAMC. Defendant denies the truth of the remaining allegations in paragraph 13. The Defendant denies any inference or implication of negligence.

14. Defendant admits that on 24 July 2002, Mrs. Hedrick underwent posterior to anterior to posterior revision surgery at WRAMC which included, among other procedures, the loosening of screws, diskectomies, and placement of interbody cages with BMP (bone morphogenic protein). Defendant is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 14. The Defendant denies any inference or implication of negligence.

15. Defendant denies the truth of the allegations in paragraph 15.

16. Defendant denies the truth of the allegations in paragraph 16.

17. Defendant denies the truth of the allegations in paragraph 17.

18. Defendant denies the truth of the allegations in paragraph 18.

### COUNT II – INTERFERENCE IN THE MARITAL RELATIONSHIP & LOSS OF CONSORTIUM

19. Defendant incorporates by reference all of its previous responses to paragraphs 1 through 18 of its Answer in response to Plaintiff's incorporation by reference of the same.

20. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 20.

21. Defendant denies the truth of the allegations in paragraph 21.

22. Defendant denies the truth of the allegations in paragraph 22.

The remaining paragraph of Plaintiff's complaint contains a prayer for relief, to which no

response is required. To the extent a response could be deemed to be required, the Defendant denies the Plaintiff is entitled to any recovery against the United States.

## AFFIRMATIVE DEFENSES

1. Plaintiff's cause of action is subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. sections 1346(b), 2671 et seq.

2. Plaintiffs may not recover in excess of the amount claimed in their administrative claim.

3. Plaintiffs failed to exhaust their administrative remedies.

4. Plaintiff's Complaint fails to state a claim against the United States upon which relief can be granted.

5. Plaintiffs current action is barred for lack of jurisdiction.

6. Plaintiff's cause of action is barred by the doctrine of contributory negligence.

7. Plaintiffs cause of action is barred because Plaintiff assumed the risk of the natural, non-negligently caused, risks and complications of her consented to treatment.

8. The United States is not liable for the acts or omissions of its independent contractors.

9. Defendant is not liable for Plaintiffs' injuries to the extent that another actor or actors' negligence were intervening or new or superceding causes of the alleged injuries.

10. In the unlikely event that the Defendant is found liable for injuries and damages allegedly sustained by Plaintiffs, which Defendant denies, then Defendant can only be held liable for its alleged negligence which proximately caused the aggravation of decedent's medical condition and not for his pre-existing condition(s) itself.

11. The injury of Plaintiff was an unexpected natural happening of an event caused by a disease process, which occurred without having been proximately caused by any negligent act or omission of the Defendant.

12. Plaintiffs' recovery is subject to offset for any amounts already paid by the United States under TRICARE, CHAMPUS, Social Security, MEDICARE, MEDICAID, or other federal program or federal health plan.

13. Plaintiff's action is barred by the statute of limitations.

14. Defendant reserves the right to assert additional defenses based on information obtained and/or developed during discovery.

WHEREFORE, PREMISES CONSIDERED, the United States of America, Defendant, respectfully prays that upon final hearing thereof, the Court will enter judgment in favor of the Defendant and against Plaintiff in all things, and dismiss the above styled and numbered cause in its entirety with prejudice, awarding Defendant costs, if any, and for all such other and further relief at law or in equity to which the Defendant may be justly entitled.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN., D.C. Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895 / FAX 202-514-8780