IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN HEDRICK ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number: 05-2070 (JR) |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Defendant. ) | |

## JOINT REPORT PURSUANT TO
## FED. R. CIV. P. 26 & LOCAL RULE 16.3

Pursuant to Fed. R. Civ. P. 26 and Local Rule 16.3, the parties held a telephonic conference on September 20, 2005 to discuss matters listed in Rule 16.3(c). Present were Stuart Salsbury on behalf of Plaintiffs and Kevin Robitaille on behalf of Defendant. Counsel discussed and resolved the following:

> (1) Whether the case is likely to be disposed of by dispositive motion and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

**There are no dispositive motions pending.**
**Defendant may file a dispositive motion at the close of discovery.**

> (2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**Issues may be narrowed following discovery. The parties do not anticipate joining any additional parties. Motions to join and amend should be filed by May 31, 2006.**

> (3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**The Parties do not consent to assignment to a magistrate judge, except for the purposes of mediation in the event the parties conduct mediation.**

(4) Whether there is a realistic possibility of settling the case.

**While the Defendant is always willing to consider in good faith any reasonable offer of settlement, the Defendant does not believe that settlement is likely at this time.**

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

**The Parties anticipate mediation may be worthwhile as discovery advances.**

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**Defendant believes the case may be resolved by a dispositive motion.**

**The Parties agree that dispositive motions should be filed not later than 45 days following the close of discovery; oppositions thereto should be due 30 days thereafter; and replies should be due 30 days after filing of oppositions.**

(7) Whether the Parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

**The Parties agree that initial disclosures should be in accordance with Fed. R. Civ. P. 26(a)(1) and should be disclosed by May 15, 2006.**

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**The Parties anticipate needing discovery on both liability and damages.**

**The Parties propose 180 days for Discovery beginning April 5, 2006, followed by the motion schedule proposed in ¶ 6.**

**The Parties agree to 25 interrogatories per side and 10 depositions per side.**

**The Parties anticipate that protective order(s) may be required for information covered by the Privacy Act.**

(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

**The Parties may use experts and make disclosures pursuant to Fed. R. Civ. P. Rule 26(a)(2), and propose that Plaintiff's Proponent Rule 26(a)(2)(B) reports be due by June 15, 2006, defendants Proponent Rule 26(a)(2)(B) reports be due by July 15, 2006 and both sides' Opponent reports be due by September 1, 2006.**

(10) In class actions, appropriate procedures.

**Not applicable.**

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

**The Parties do not anticipate the need for a bifurcated trial or managing in stages in this case.**

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

**The Parties propose that the date for the pretrial conference be set following the close of discovery and resolution of any dispositive motion.**

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

**Plaintiff requests a firm trial date be set at the first scheduling conference due to the difficulty in scheduling expert witness. Defendant does not object to setting a firm trial date.**

(14) Such other matters that the Parties believe may be appropriate for inclusion in a scheduling order.

**The Parties are not aware of any additional matters.**

(15) Statements of the Case:

**Plaintiff brings suit pursuant to the Federal Tort Claims Act for injuries allegedly incurred during two surgical procedures performed at Water Reed Army Medical Center WRAMC.**

**Plaintiff entered the hospital with a diagnosis of kyphotic deformity at T12, L1 and L2.**

Mrs. Hedrick underwent a T12-L2 corpectomy with T9-L4 fusion which involved placement of a cage at L3-4 and L4-5. These procedures were performed by Dr. Moquin at WRAMC.

Plaintiff alleges that Mrs. Hedrick's back pain worsened after the surgery and that her condition required her to wear a back brace full-time and prevented her from standing up straight. She had weakness of her left hip flexor with decreased sensation along the L1 distribution.

At Dr. Moquin's recommendation, plaintiff underwent a second surgery on July 3, 2002. Dr. Moquin performed this second surgery, a posterior spinal fusion on Mrs. Hedrick at Walter Reed Army Medical Center.

Plaintiff alleges that the two surgeries performed by Dr. Moquin were not within accepted standards of care and that Mrs. Hedrick was forced to undergo two additional very extensive surgeries at Johns Hopkins Hospital on February 17, 2003 and February 24, 2003 to remove the cage, refuse the spine anteriorly and correct the deformity through a kyphectomy.

Defendant denies that the standard of care was breached and avers that any complications from the surgeries were inherent risks of the procedure of which plaintiff was fully informed of prior to surgery.

with permission

_____
Stuart Marshall Salsbury
SALSBURY, CLEMENTS,
BEKMAN, MARDER & ADKINS, L.L.C.
300 West Pratt Street
Suite 450
Baltimore, MD 21201

_____
KENNETH L. WAINSTEIN., D.C. Bar #451058
United States Attorney

_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

_____
KEVIN K ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W., 10th Floor
Washington, D.C. 20530
(202) 353-9895