IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| OK KYONG HEDRICK, et al. | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| UNITED STATES OF AMERICA | * | Civil Action No.: 1:05CV02070 |
| | * | |
| Defendant | * | |
| * * * * * | | |

## MOTION FOR LEAVE TO AMEND AD DAMNUM

Plaintiffs, pursuant to Federal Rule 15(a), files this Motion for Leave to File Amended Complaint changing the ad damnum and states:

1. This cause of action arose as a result of three surgeries done at the Walter Reed Army Medical Center to Ok Kyong Hedrick in June of 2000 and July of 2002, all of which Plaintiffs' allege were negligently performed by Dr. Ross Moquin.

2. As a result of this negligent surgery, among other things, Mrs. Hedrick has suffered intractable pain since 2000, has been left with a deformity that is now uncorrectable, has suffered nerve damage which has impaired her gait and ability to walk in a normal manner and has been left with numerous other permanent physical and mental injuries. Because of these injuries, Mrs. Hedrick now has a chronic pain syndrome.

3. Because of the damage to the martial relationship caused by Mrs. Hedrick's injuries, the Plaintiffs have filed a loss of consortium claim on Mr. Hedrick's behalf. Mrs. Hedrick's permanent injuries and the resulting severe pain greatly limit her

ability to perform her usual household duties, such as cook for her family, clean her house and do the laundry. And, these injuries have greatly effected her relationship with her husband, Mr. Hedrick. They used to be very active and do many things together that Mrs. Hedrick can no longer do. They also no longer have any sexual relations. Mrs. Hedrick's pain is so severe that she cannot even be hugged or held by her husband in a normal manner.

4. Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, the Plaintiffs submitted timely claims related to this incident to the United States Army Claims Services for administrative review on June 24, 2004. At that time, the Plaintiffs submitted three separate Form 95's: two relating to Mrs. Hedrick's surgeries and a separate Form 95 on behalf of Mr. Hedrick. Copies of Mr. Hedrick's Form 95 is attached hereto as <u>Exhibit 1</u>. His Form 95 lists $3,540,000 as the "Amount of Claim" under item 12d. His only claim is for loss of consortium. Mr. Hedrick complied with all the notice requirements of Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*.

5. At the time that this suit was originally filed, Mrs. Hedrick was still in the process of recovering. The Plaintiffs hoped that, at the very least, she would improve enough so that her pain would not be so severe or as constant. The Plaintiffs hoped that she would be able to again perform at least some of her usual household duties. Additionally, the Plaintiffs hoped that her pain would decrease so that Mr. and Mrs. Hedrick might be able to resume sexual relations, and at the very least, that she might improve to the point that she could at least receive physical affection, such as hugs, from Mr. Hedrick without experiencing pain. This unfortunately has not happened.

6. Based on their belief that Mrs. Hedrick might improve somewhat, in the

original Complaint, Mr. Hedrick sought to recover only $240,000 for his loss of consortium claim. It has now become apparent that Mrs. Hedrick will not experience any further recovery or even a reduction in the severity of her pain. The limitations on her physical abilities and the burdens on her marriage described herein at paragraph 3 will continue for the remainder of Mrs. Hedrick and Mr. Hedrick's lives. The Plaintiffs believe that a recovery of $240,000 for Mr. Hedrick's loss of consortium claim is not sufficient when faced with the prospect of these life long limitations.

7. The Plaintiffs, therefore, respectfully request that the Court grant leave to allow the Plaintiffs to amend the original Complaint and change the amount sought for Mr. Hedrick's loss of consortium claim to $1,000,000. The Plaintiffs believe that the evidence presented at trial regarding the damage to the Hedricks' marriage as a result of Mrs. Hedrick's injuries will justify an award of this amount.

8. Because the Plaintiffs submitted a Form 95 on behalf of Mr. Hedrick that complied with all the notice requirements of Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, and sought specific damages on his behalf well above $1,000,000, the Federal Tort Claims Act does not bar this Court from granting the Plaintiffs leave to amend the amount sought on Mr. Hedrick's behalf.

9. There will be no prejudice to the Defendants if Mr. Hedrick is allowed to file this Amended Complaint. During the course of discovery in this matter, the Defendants have previously learned about the extensive and permanent nature of Mrs. Hedrick's injuries and about the effect of these injuries on the Hedricks' marriage. They, therefore, will not be surprised by the Plaintiffs' request to increase the amount sought for these damages and will suffer no prejudice if this Amended Complaint is allowed.

10. Per Local Rule 15.1, a copy of the Amended Complaint is attached hereto. The change in the amount of damages sought on Mr. Hedrick's behalf is the only change between the original Complaint and the proposed Amended Complaint.

11. The filing of the Amended Complaint is in the interests of justice.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court permit the filing of the Amended Complaint.

Respectfully submitted,

_____
STUART M. SALSBURY Fed Bar#463059
SALSBURY, CLEMENTS, BEKMAN,
    MARDER & ADKINS, L.L.C.
300 West Pratt Street
Suite 450
Baltimore, Maryland  21201
(410) 539-6633

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OK KYONG HEDRICK, et al. | * |
| | * |
| Plaintiffs | |
| | * |
| 5. | |
| | * |
| UNITED STATES OF AMERICA | |
| | *   Civil Action No.:  1:05CV02070 |
| Defendant | * |

\*   \*   \*   \*   \*

### NOTICE OF SERVICE

I HEREBY CERTIFY that on this _____ day of March 2007, a copy of Plaintiffs' Motion for Leave to Amend Ad Damnum was mailed first class, postage pre-paid to:

Steven Ranieri, Esquire
Special Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, DC 20530
Attorneys for Defendant


STUART M. SALSBURY Fed Bar#463059
SALSBURY, CLEMENTS, BEKMAN,
    MARDER & ADKINS, L.L.C.
300 W. Pratt Street
Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiffs

5

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OK KYONG HEDRICK, et al. | * |
| | * |
| Plaintiffs | |
| | * |
| 5. | |
| | * |
| UNITED STATES OF AMERICA | |
| | *   Civil Action No.: 1:05CV02070 |
| Defendant | * |

\* \* \* \* \*

## **ORDER**

Upon due consideration for the foregoing Motion for Leave to Amend Ad Damnum

and for good cause shown,

it is this _____ day of March, 2007, by the United States District Court for the District of Columbia

**ORDERED** that Plaintiffs' Motion for Leave to Amend Ad Damnum be and the same is hereby Granted; and it is further

**ORDERED** that this Honorable Court hereby accepts the filing of the Amended Complaint herein.

_____
JUDGE, United States District Court
for the District of Columbia