*FORM 95* - Continuation Sheet

1. **Federal Agency:**

   Walter Reed Army Medical Center
   Attn: Jag (Medical Malpractice)
   Scott O. Murdoch, Chief of Claims
   6900 Georgia Avenue, N.W.
   Washington, DC 20307-5001

   U.S. Army Claims Service
   4411 Llewellyn Avenue
   Fort George G. Meade, Maryland 20755-5360

2. **Claimant**:

   Ok Kyong Hedrick
   507 Rising Sun Road
   Camden, Delaware 19934

   and

   John Hedrick
   507 Rising Sun Road
   Camden, Delaware 19934

   Legal Representatives of Claimant (See Attached Attorney Authorizations)

   Stuart M. Salsbury, Esquire
   Salsbury Clements Bekman, Marder & Adkins, L.L.C.
   300 West Pratt Street, Suite 450
   Baltimore, Maryland 21201
   410-539-6633

3. **Type of military employment**: John Hedrick - Retired Air Force. Last rank E6. Dates of service: 11/82-12/02.

4. **Date of Birth:** 9/1/1958 - Ok K. Hedrick

5. **Marital Status:** Married

6.      **Date and Day of Accident/Incident:** Claims alleging medical malpractice for care and treatment from June 2, 2000 through August 9, 2002.


7.      **Time:** N/A


8.      **Basis of Claims**:

These claims arise out of the conduct of the Walter Reed Army Medical Center located at 6900 Georgia Avenue, N.W. Washington, DC 20307-5001, and Dr. Ross Moquin, M.D. (Dr. Moquin). The Walter Reed Army Medical Center is a government/military hospital. Dr. Moquin was an employee of the Walter Reed Army Medical Center, and is thus considered to be a federal employee. The claims, therefore, are made under the Federal Tort Claims Act, 28 U.S.C. Section 2671, *et seq.*

On June 2, 2000, the Claimant, Mrs. Hedrick, was admitted to Walter Reed Army Medical Center and diagnosed with an L1-2 kyphosis. She underwent a T12-L2 corpectomy with T9-L4 fusion which involved placement of a cage at L3-4 and L4-5. These procedures were preformed by Dr. Moquin. Interoperative findings demonstrated yellowish material consistent with tuberculoma and resulted in an impression of "highly likely Potts' Disease." The Claimant's back pain worsened following this surgery. In 2002, Mr. Moquin recommended another surgery. At this time, Mrs. Hedrick went to Johns Hopkins hospital to obtain a second opinion. The doctor Mrs. Hedrick saw at Johns Hopkins disagree with the appropriateness of the type of second surgery recommended by Walter Reed and also questioned the appropriateness of the type of surgery performed at Walter Reed in 2000. At this time, the Hopkins doctor recommended a different type of surgery.

In part because her insurance would not approve the surgery to be performed at Johns Hopkins, Mrs. Hedrick returned to Walter Reed and Dr. Moquin's care. On July 3, 2002, Dr. Moquin performed a posterior spinal fusion on Mrs. Hedrick at Walter Reed. Additionally on July 24, 2002, Mrs. Hedrick underwent a revision in which the screws in the thoracic and lumbar regions were loosened and she underwent discectomies and placement of body cages with BMP product. During these surgeries, the rods were bent and contoured. Subsequently, Johns Hopkins doctors have told her that these two surgeries were not done within accepted standards of care and she will need additional surgery.

Please see medical records from Johns Hopkins, attached hereto as Exhibit A, for more detailed descriptions of Mrs. Hedrick's medical condition.

After the second series of surgeries on July 3, 2002 and July 24, 2002, Mrs. Hedrick had the following major problems:

1. Severe pain and spasms
2. Numbness in abdomen and right thigh
3. Numbness in vaginal area
4. Severely abnormal curvature of spine
5. Unable to walk without use of cane

And, Mrs. Hedrick required the following procedures, which were performed on February 17, 2003 and February 24, 2003:

1. Removal of posterior segmental instrumentation
2. Exploration of posterior fusion
3. Segmental instrumentation from T6-L5
4. Kyphectomy T10
5. Posterior fusion from T6-L5
6. Anterior retroperitoneal approach, T11-L3
7. Exploration of anterior fusion
8. Removal of titanium cage
9. Partial corpectomy T12, L1 & L2
10. Anterior fusion T11 to L3
11. Femoral structural allograft, local bone, Grafton Putty
12. Anterior instrumentation, T11 to L3 w./Moss Miami & Retention screws

The Walter Reed Army Medical Center and Ross Moquin, M.D., breached the standards of care by:

a. failed to perform spinal surgery in an appropriate manner within accepted standards of care;

b. wrongfully severed claimant's L1 nerve root;

c. failed to diagnose and treat claimant's post surgical pseudoarthrosis and non-union in an appropriate and timely manner;

d. failed to correct claimant's pseudoarthrosis and non-union;

e. wrongfully flattened claimant's normal lordotic curvature during various surgeries;

f. wrongfully exacerbated and worsened claimant's "flat back" deformity;

3

g. failed to treat claimant's condition within appropriate standards of care for spinal surgery;

h. and was otherwise negligent, careless and reckless.

9. **N/A**

10. **Nature and extent of injury:**

As a direct result of the negligence of the Walter Reed Army Hospital and Ross Moquin, M.D., Ok Kyong Hedrick, was caused to suffer and will continue to suffer severe and painful bodily injury, mental and emotional anguish and other related injuries.

Mrs. Hedrick suffered severe and painful bodily injury because of the breaches of the standard of care. Her injuries include but are not limited to:

1. Non-union of her fusion with pseudoarthrosis;
2. Severed L1 nerve root;
3. Severe chronic pain syndrome;
4. Numbness and pain in her abdominal and thigh areas;
5. Compromise of her balance
6. Inability to walk, stand, sit or sleep in a normal manner;
7. Depression; and
8. Emotion distress.

11. **Witnesses:**

  ○ Ok K. Hedrick

  ○ John Hedrick

  ○ The individuals identified in the medical records.

12. **Amount of Claims in Dollars:**

12a PROPERTY DAMAGE    N/A

12b. PERSONAL INJURY

- Mrs. Hedrick seeks to recovery for all medical expenses she has incurred as a result of the breaches in standard of care by Walter Reed and Dr. Moquin. Moreover, Mrs. Hedrick's injuries have not resolved and are permanent and will probably result in future medical expenses. Mrs. Hedrick reserves the right to supplement her claims and seek future medical expenses.

- It is anticipated that as a result of her spinal injuries, Mrs. Hedrick will have a loss of earning capacity, and, therefore, Mrs. Hedrick seeks to recovery for her lost wages. Her earning capacity is estimated at $20,000.00-$25,000.00 a year. Mrs. Hedrick has incurred lost wages of approximately $40,000.00 and will continue to incur future lost wages because the injury to her back is permanent and will affect her future job performance. She is currently 45 years of age and has a work life expectancy of 20 years. Accordingly, her loss of earning capacity will result in an economic loss of approximately $400,000.00-$500,000.00.

- Mrs. Hedrick seeks to recover approximately $2,000,000.00 for her non-economic damages.

- Mr. & Mrs. Hedrick have suffered from an interference to their marital relationship and loss of consortium and seek to recovery appropriate damages to compensate them for such loses.

12c.  WRONGFUL DEATH        N/A

12d.  TOTAL DAMAGES CLAIMED- - - - - - - - - - - - - - - - - - - - - $3,540,000.00

        Respectfully submitted,

        _____
        STUART M. SALSBURY
        SALSBURY, CLEMENTS, BEKMAN
            MARDER & ADKINS, L.L.C.
        Suite 450, 300 W. Pratt Street
        Baltimore, Maryland 21201
        (410) 539-6633
        Attorneys for Claimants