IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OK KYONG HEDRICK, et al. | * |
| | * |
| Plaintiffs | |
| | * |
| v. | |
| | * |
| UNITED STATES OF AMERICA | |
| | *   Civil Action No.: 1:05CV02070 |
| Defendant | * |

\* \* \* \* \*

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs, Ok K. Hedrick and John Hedrick, by and through their attorneys Stuart M Salsbury, and Salsbury, Clements, Bekman, Marder & Adkins, L.L.C., submit the following Memorandum of Law in Support of the Bill of Costs.

Pursuant to Local Rule 54.1 and 28 U.S.C. §1920, the prevailing party is entitled to recover certain costs associated with trial preparation. Specifically §1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of stenographic transcript
    necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in
    the case;
(5) Docket fees under §1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and
    salaries, fees, expenses, and costs of special interpretation services under
    §1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgement or decree.

In *Roberts v. Owens-Corning Fiberglass Corp.,* 101 F. Supp. 2d 1076 (D. In. 1999), the

District Court explained that this statute "creates a presumption that the prevailing party will recover all authorized costs, subject to the district court's discretion to direct otherwise." (quoting JAMES W. MOORE ET AL, MOORE'S FEDERAL PRACTICE §54.71(2) (2d ed. 1988) (other citations omitted). Accordingly, Plaintiffs have filed a Bill of Costs divided into the categories recognized by law.

**I. Fees of the clerk and marshal.**

Plaintiffs request taxation of the costs for filing the complaint in the amount of $250.00. The District of Columbia typically provides for taxation of filing fees. *See Brown v. Pro Football, Inc.*, 839 F. Supp. 905, 917 (D. D.C. 1993), *on reconsideration*, 846 F. Supp. 108 (D. D.C. 1994), *judgment rev'd,* 50 F.3d 1041 (D.C. Cir. 1995), *cert. granted*, 516 U.S. 1021 (1995), *judgment aff'd*, 518 U.S. 231 (1996) (stating filing fees are a routine court cost that is clearly taxable). A copy of the receipt for filing is included as Exhibit 1.

**II. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case.**

According to *Brown,* supra, deposition transcripts may be taxed when reasonably necessary for use in the case. *Id*. at 905. Subsequent case law has interpreted this phrase to mean that costs must be "relevant and reasonable," to be taxed; the costs do not necessarily need to be "indispensable to the final outcome." *American Medical Security, Inc. v. Larsen*, 31 F. Supp. 2d 502, 509 (D. Md. 1998) (citing *Advanced Business Systems*, 287 F. Supp. at 162-65). Furthermore, the Federal Courts have recognized that a party is entitled to deposition costs, even if the deposition was not used at trial. *Hott v. VDO Yazaki Corp.,* 1997 WL 134554 (D. W.V. 1997). The attorney must only have acted with reason at the time he took the deposition. *Id*. (quoting LaVay Corp. v. Dominion Federal Savings & Loan Associates, 830 F.2d 522 (4th Cir.

1987). The discovery depositions of Ok K. Hedrick, Dr. Khaled Kebaish and Dr. Kuhrt Wieneke were noted by the Defense and were extensive. It was necessary to obtain copies of these depositions so that these witnesses could review their testimony in preparation for the trial of the case. Two depositions were taken of Dr. Ross Moquin, the spine surgeon who performed the surgery. At the first deposition, Dr. Moquin had not reviewed the records prior to the deposition and therefore could not answer many of the questions. That deposition was suspended and a second deposition was taken after Dr. Moquin had reviewed the records. Both of these depositions were necessary to prepare for cross examination of Dr. Moquin at trial. Also, the depositions were used for impeachment purposes at trial.

The deposition of Bruce Ammerman, M.D., the defense expert, was taken to discover the nature and extent of his opinions and to find out what materials he had reviewed and the extent of his review. When his video deposition was taken, the discovery deposition was used extensively to cross-examine Dr. Ammerman. A copy of the video deposition was necessary for purposes of preparing opening statement and use at trial in discrediting Dr. Ammerman's testimony.

A *de bene esse* deposition by videotape was taken of Dr. Khaled Kebaish, M.D. who is an out of state witness who was not available to testify live at trial. The video was played at trial and the judge relied heavily on the testimony of Dr. Kebaish in formulating his opinion.

It is clear that all of these depositions were reasonably necessary for use in the case and were critical in preparation of the case and the testimony and cross-examination of witnesses.

**III.  Fees and disbursements for printing and witnesses.**

Witness fees are assessed according to 28 U.S.C. §1821(b). That section states "a witness

shall be paid an attendance fee of $40 per day for each day's attendance." *Id*. Dr. Wieneke, Plaintiffs' expert spine surgeon, Charles Smolkin, Plaintiffs' expert vocational specialist and Dr. Thomas Borzilleri, Plaintiffs' economical expert, all appeared live in court on the second day of trial. Each witness gave expert testimony in his respective area and all three witnesses' testimony were used as a basis for the opinion of Judge Robertson. Accordingly, a witness fee for each of these should be permitted.

Further, Dr. Wieneke, whose home and office are in Massachusetts, was required to fly to Washington, DC for the trial and incurred expenses of $356.00 for travel. Additionally, he was required to stay over one night so that he could testify on the second morning of trial and incurred hotel fees of $353.81.

Additionally, Plaintiffs' are requesting expert fees for these experts for their testimony at trial as follows:

1. Dr. Kebaish had a three hour *de bene esse* deposition and charged $2,700.00;

2. Dr. Wieneke was required to spend one day of travel time and testimony time and billed $5,000.00;

3. Dr. Borzilleri billed his testimony time at $1,500.00;

4. Charles Smolkin charged for his testimony time $2,275.00.

Plaintiffs' believe that these were reasonable and necessary expenses that should be charged as costs.

**IV. Fees for exemplification and copies of papers necessarily obtained for use in the case.**

The cost of copies of papers necessary for trial are recoverable. The Plaintiffs seek to

recover several different forms of copying and has divided them into groups.

First, Plaintiffs, in order to prepare for the case, had to obtain the medical records of the various treating doctors or Mrs. Hedrick. Copies of these records are listed in the Bill of Costs and were necessary for trial and were submitted as Exhibits.

Second, there were costs incurred in copying x-rays of Mrs. Hedrick's spine at Johns Hopkins Hospital. These x-rays were utilized at trial and offered into evidence. In order to blow up the x-rays so that they could be visible in detail, it was necessary to have them put in digital format digitized and this process was done and expenses in the amount of $240.00 were incurred from Executive Exhibits. Again, these x-rays were utilized extensively at trial and entered as Exhibits. Litigation graphics and litigation supplies are compensable under §1920(4) if "necessarily obtained for use in the case.", *Brown, Id.* at p. 917.

The medical records were extensive in this case and had to be copied for use by Plaintiffs' experts. 1200 copies were made and charged at $.25 per page for a total of $300.00. These are standard rates charged for copying in Plaintiffs' law office and are generally standard throughout law offices in this area.

For the aforegoing reasons, the Plaintiffs' respectfully request that this court Grant the Plaintiffs' Bill of Costs.

                                                                            STUART M. SALSBURY Fed. Bar #463059
SALSBURY, CLEMENTS, BEKMAN,
    MARDER & ADKINS, L.L.C.
300 West Pratt Street
Suite 450
Baltimore, Maryland 21201
410-539-6633

Attorneys for Plaintiffs

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OK KYONG HEDRICK, et al. | * |
| | * |
| Plaintiffs | |
| | * |
| v. | |
| | * |
| UNITED STATES OF AMERICA | |
| | *   Civil Action No.:  1:05CV02070 |
| Defendant | * |

\* \* \* \* \*

## NOTICE OF SERVICE

I HEREBY CERTIFY that on this _____ day of April 2007, a copy of Plaintiffs' Bill of Costs, Bill of Costs Affidavit and Memorandum of Points and Authorities was mailed first class, postage pre-paid to:

Steve Ranieri, Esquire
Special Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, DC 20530
Attorneys for Defendant


_____
STUART M. SALSBURY
SALSBURY, CLEMENTS, BEKMAN,
    MARDER & ADKINS, L.L.C.
300 W. Pratt Street
Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiffs